EX PARTE BAIGES, PETITIONER AND APPELLANT (PEOPLE, RESPONDENT AND APPELLEE).

APPEAL from a Decision of Mr. Justice Hutchison in a Habeas Corpus Proceeding.

No. 1218.—Decided February 8, 1918.

HABEAS CORPUS—PROBABLE CAUSE.—In a habeas corpus proceeding brought to inquire into the cause of the imprisonment of a citizen the question of whether the prisoner is guilty or not guilty of the crime with which he is charged is not considered, but merely whether or not there is an element of evidence to justify his imprisonment as the presumptive author of the public offense with which he is charged.

ID.—ELECTORAL BALLOTS.—Applying the foregoing doctrine, it was concluded in this case that there was such evidence and that the petitioner was not unlawfully deprived of his liberty, as he was found to be implicated by the testimony of a witness to whom the electoral ballots alleged to have been altered were exhibited, that on two occasions the petitioner suggested that he deface the ballots and that he refused to do so.

The facts are stated in the opinion.

*Messrs. Eugenio Benítez Castaño* and *Manuel Benítez Flores* for the appellant.

*Mr. Luis Campillo,* district *fiscal,* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Being imprisoned in the district jail of San Juan by virtue of a warrant of arrest issued by the prosecuting attorney of the said district on October 24, 1917, charging him with a violation of section 128 of the Penal Code, Pedro Baigés Gómez petitioned Mr. Justice Hutchison of this court to issue a writ of habeas corpus and release him for lack of probable cause for his imprisonment.

The writ having been issued by the said justice, a hearing was held at which the petitioner and his attorney were present. District Attorney Luis Campillo also appeared and testified as a witness. There were also introduced in evidence sixteen electoral ballots of the last election held in the district of Mayagüez, together with the stenographic record of the testimony of several witnesses, this being the evidence upon which the district attorney issued the warrant for the arrest of Baigés Gómez.

After considering the petition, the evidence examined and the jurisprudence applicable to the case, on October 24, 1917, the justice discharged the writ and ordered that the petitioner be remanded to the custody of the warden of the jail.

Pedro Baigés Gómez appealed from the said decision to this court *in banc* and in support of his appeal alleges that there is no lawful evidence of any kind which justifies his arrest.

An examination of the evidence renders unavoidable the conclusion that there existed probable cause for ordering the imprisonment of the petitioner, and that therefore he is not unlawfully deprived of his liberty.

We have before us the electoral ballots which are alleged to have been altered and find that appellant Pedro Baigés Gómez is implicated in the alteration thereof by the testimony of witness Francisco Dobal, who testified that on two occasions Baigés Gómez proposed to him that he mutilate the ballots, which the witness flatly refused to do.

We need not analyze the other evidence in order to support the foregoing conclusion, for in a habeas corpus pro-

ceeding brought to investigate the cause of the imprisonment of a citizen the question to be inquired into and decided is not whether the prisoner is guilty or not guilty of the crime with which he is charged, but simply whether or not there exists an element of proof to justify his imprisonment as the presumptive author of the crime with which he is charged. *People* v. *Pillot,* 19 P. R. R. 254.

Such element of proof exists in the present case.

The decision appealed frcm should be

*Affirmed.*

Justices Wolf and del Toro concurred.

Justices Aldrey and Hutchison took no part in the decision of this case.